**In re Chris OAKMAN and Wendy Oakman, Debtors.**

**No. 86–81384.**

United States Bankruptcy Court, C.D. Illinois.

Dec. 14, 1987.

---

1. This discussion involves the 1962 version of the Uniform Commercial Code, but is likewise applicable to the 1972 version which governs this particular case.

James S. Brannon, Peoria, Ill., for debtors.

William I. Covey, Heyl, Royster, Voelker & Allen, Peoria, Ill., for Farmers Ins. Group.

## OPINION AND ORDER

**WILLIAM V. ALTENBERGER,** Bankruptcy Judge.

On or about June 30, 1985, the Debtors were involved in an automobile accident with Douglas L. Rabe (RABE). RABE was insured by a policy of insurance issued by the Farmers Insurance Group (FARMERS). On May 22, 1986, the Debtors filed a Chapter 13 proceedings in bankruptcy. In their schedule of creditors, the Debtors list RABE and his attorney indicating a claim of $13,800.00. The schedule does not list FARMERS. On May 22, 1986, a notice setting a first meeting of creditors for June 16, 1986, and directing creditors to file claims within 90 days of the first meeting of creditors was sent to all listed creditors. The plan was confirmed on October 15, 1986. RABE never filed a claim.

FARMERS was not aware the Debtors had filed a Chapter 13 proceedings. After paying RABE's claim, FARMERS, as subrogee, on December 4, 1986, sued the Debtors in state court. On January 14, 1987, the Debtors' attorney notified FARMERS of the Chapter 13 proceeding. On May 22, 1987, FARMERS filed a claim. The Debtors objected to the claim on the grounds it was filed late. It is stipulated by the Debtors and FARMERS, the Debtors did not know about the involvement of FARMERS until December 4, 1986 and FARMERS did not know about the Chapter 13 proceeding until January 14, 1987.

FARMERS takes the position it is not objecting to the discharge and to the confirmation of the plan, and all it is seeking to do is to participate in the plan, which would result in it receiving 15% of its claim. The Debtors take the position FARMERS stands in the shoes of RABE, and as RABE didn't file a claim within the 90 day period and could not file a late claim, FARMERS is likewise barred. The Debtors also contend that FARMERS' claim should be barred by laches.

At the time the Debtors filed their Chapter 13, RABE was the known creditor. FARMERS' involvement was unknown to them. RABE was listed and received the notice alluded to above. The Debtors did what the Bankruptcy Code required them to do. The Debtors could not be expected to list someone who was not known to them. No authority has been cited, and this Court is not aware of any, which imposes upon a debtor a duty to investigate and determine if a creditor's insurance company is involved. If there was any duty to investigate and/or to communicate, such duty was on FARMERS and RABE.

At the point of its involvement, FARMERS could have notified the Debtors of its possible claim against the Debtors. Furthermore, this Court would assume the policy of insurance issued by FARMERS contained a cooperation clause, the effect of which would be to require RABE to notify FARMERS of anything that might affect its ability to subrogate. It was RABE who should have notified FARMERS of the bankruptcy proceeding so FARMERS could have taken action to file a claim within the 90 day period.

For the reasons set forth above, THE COURT FINDS that the Debtors' objection should be allowed.

As this matter has been resolved favorably for the Debtors, it is not necessary to rule on Debtors' alternative position of laches.

IT IS, THEREFORE, ORDERED, that the claim filed by FARMERS be and the same is hereby DENIED.

This Opinion and Order is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.